# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

TERRY NEELEY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No.: _____

## COMPLAINT

NOW COME Terrey Neeley (hereinafter, "Neeley" or "Plaintiff"), by his attorneys, Cade Law LLC, and as and for his Complaint against the Defendant, United States of America, allege and show to the Court as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. and 28 U.S.C. § 1346(b)(1).

2. Venue is proper in the Eastern District of Wisconsin in that the acts and omissions forming the basis of these claims occurred in the Eastern District of Wisconsin at the Zablocki Veterans Administration Medical Center ("Zablocki"), located in Milwaukee, WI.

3. Prior to the institution of this action, Plaintiff filed claims with the United States Department of Veterans Affairs ("Department") on or about September 29, 2014, as required by 28 U.S.C. §2675(a). This suit is timely filed because Plaintiff served a claim for damages on the regional counsel for Zablocki. Attached hereto as **Exhibit 1** is a true and correct copy of the Administrative Claim with attachments.

4. The Department has never notified Plaintiff that Plaintiff's claims were denied. Instead, the Department, on or about December 5, 2014, requested additional information from Neeley. Attached hereto and incorporated herein as **Exhibit 2** is a true and correct copy of the Department's request for Additional Information.

5. Neeley responded to the Request for additional information on or about February 2, 2015, Attached hereto as **Exhibit 3** is a true and correct copy of Neeley's February 2, 2015 Response.

6. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act prior to bringing this lawsuit.

7. Accordingly, Plaintiff has elected to file suit against the United States in accordance with 28 U.S.C. § 2675.

**PARTIES**

8. Plaintiff Neeley resides at 8717 W. Magnolia Street, Milwaukee, WI 53224.

9. The United States of America is a proper and appropriate defendant under the Federal Tort Claims Act because it owns and operates Zablocki, and at all times material in this complaint, it employed Dr. Terry Naughton.

10. At all times relevant herein, the agents and employees of Zablocki were acting within the course and scope of their employment in providing medical care to Neeley, a veteran of the United States Armed Forces entitled to such care.

**FACTS**

11. Neeley is a citizen of the State of Wisconsin.

12. Neeley previously was diagnosed with several medical conditions, including medical anxiety PTSD, Hypertension, paranoia, High Blood Pressure, among other things.

13. While receiving treatment at Zablocki, Neeley was not informed that he had tested positive for diabetes as early as 2007.

14. Neeley first learned that he had diabetes on July 23, 2014.

15. As a result of the discovery that he had tested positive for diabetes as early as 2007 but received no treatment or medical consultation, his PTSD has become more pronounced and exacerbated. Moreover, his level of distrust in others has grown, as has his anger. He believes that his government, and in particular, the Veterans Administration, has "let him down."

16. The increase in the symptoms of PTSD has greatly impacted Neeley's ability to function, including his will to live, and increased his social isolation.

## FIRST CAUSE OF ACTION - NEGLIGENCE

17. Plaintiff incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully restated and re-alleged herein.

18. The agents and employees of Zablocki, as health care providers in the State of Wisconsin, owe a duty of care to Neeley to exercise the degree of care, skill and judgment in medical circumstances as is standard in this community.

19. From 2007 and up to the day of the filing of this lawsuit, the agents and employees of Zablocki failed to exercise a reasonable degree of medical care, skill and judgment in the treatment of Neeley.

20. The agents and employees of Zablocki breached the duty of care that they owe to Neeley by their actions and inactions.

21. As a result of this breach in the medical standard of care, the agents and employees of Zablocki were a substantial cause of the conscious pain and suffering experienced by Neeley, and increased his mental pain and anguish.

22. By reason of the foregoing and in other respects not enumerated herein, the agents and employees of Zablocki committed medical negligence beneath the standard of care upon Neeley.

23. The injuries suffered by Neeley, as previously alleged, were solely and proximately caused by the negligence of The United States of America through the actions of its agents and employees of Zablocki.

24. The agents and employees of Zablocki were negligent with regards to their care and treatment of Neeley as set forth above, and more specifically, among other things, for failing to disclose to Neeley that he had diabetes, which should have been treated as early as 2007, and for the failure to diagnose in other respects not specifically enumerated herein.

25. As a direct result of the actions and inactions of the agents and employees of Zablocki, Neeley has suffered tremendous conscious pain and suffering, developed severe depression and anxiety, and suffered damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION – FAILURE TO DIAGNOSE AND/OR INFORM OF MEDICAL CONDITION

26. Plaintiff incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully restated and re-alleged herein.

27. The agents and employees of Zablocki failed to properly examine Neeley from 2007 until the filing of this lawsuit, despite knowledge that Neeley had tested positive for diabetes and that this is a curable medical condition when treated with medicine and diet.

28. As a result of the actions and inactions of the agents and employees of Zablocki, Neeley suffered tremendous conscious pain and suffering, developed severe depression and anxiety, and suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION – FAILURE TO SUPERVISE

29. Plaintiffs incorporate by reference all of the allegations set forth in the preceding paragraphs as if fully restated and re-alleged herein.

30. Dr. Naughton was negligent and derelict in his duty by failing to inform Neeley that he had Diabetes and obtaining his informed consent with respect to treatment (or lack of treatment).

31. Dr. Naughton's actions and inactions has resulted in stress to Nelleey, thereby exacerbating his PTSD condition, and caused him great pain and suffering.

32. At all times material to this Complaint, Zablocki's agents and employees had a duty to hire and supervise qualified staff and other medial personnel to provide health care services to patients of Zablocki, including Neeley.

33. Zablocki was negligent in the care and treatment of Neeley in several respects, including:

    a. Failure to adequately select and supervise its agents and employees involved in the care and treatment of Neeley;

    b. Failure of its agents and employees to exercise appropriate care, skill and judgment in diagnosing and treating Neeley;

    c. Failure of its agents and employees to properly diagnose and treat Neeley;

   d. Failure to have any systems or policies in place that prescribed the manner and method of treating, diagnosing, admitting and discharging patients such as Neeley, and other treatment practices; and,

   e. In any other respect not specifically enumerated herein.

  34. But for the failure of Zablocki to properly supervise its agents and employees, Neeley would not have suffered great conscious pain and suffering, humiliation, depression, anxiety, and other forms of damages.

  35. The failure to properly diagnose and/or inform Neeley of his specific medical condition has now caused Neeley great harm and pain and suffering.

  36. As a direct and proximate result of the negligence of The United States of America, through the agents and employees of Zablocki, Neeley has suffered conscious pain and suffering, great physical and emotional pain and suffering, economic loss, humiliation, anxiety, loss of enjoyment of life, past medical expenses, and an increase in his diagnosed PTSD condition, among other damages, in an amount to be proven at trial.

  WHEREFORE, Plaintiff prays for judgment as follows:

  1. For judgment in an amount equal to Plaintiff's compensatory damages, as well as the damages incurred by Neeley as a result of his conscious pain and suffering, humiliation, anxiety, depression, loss of enjoyment of his life, and past medical expenses, among other things, in an amount to be proven at trial;

  2. For any economic and non-economic damages not specifically enumerated herein;

  3. For the costs, disbursements and expenses incurred by Plaintiff in bringing this action;

6

Case 2:15-cv-00883-NJ  Filed 07/21/15  Page 6 of 7  Document 1

4. For interest, attorney's fees and costs; and,

5. For such other relief as may be just and equitable.

Dated this 21st day of July, 2015.

**CADE LAW LLC**

By: _____
Nathaniel Cade, Jr., SBN 1028115
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com

Attorneys for Plaintiff, Terry Neeley